UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DAVID JOHNSON,  )<br>  also known as KC JOHNSON,  )<br>5 Shipwreck Road, Scarborough, ME 04074  )<br>                                                        Plaintiff,  )<br>      v.  )<br>                                                        )<br>UNITED STATES DEPARTMENT OF  )<br>EDUCATION,  )<br>400 Maryland Ave., SW, Washington, DC 20202  )<br>                                                        Defendant  ) | Civil Action No. 22-831 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against Defendant U.S. Department of Education:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under an October 27, 2021 FOIA request seeking emails between the head of Defendant's Office for Civil Rights and certain specified individuals.

3) Defendant was required to issue a determination in response to that request within 20 working days, that is, by no later than November 26, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(i).

4) Defendant has failed to provide plaintiff with either the records requested, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i).

5) FOIA requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As

1

the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

6) Over five months have elapsed since Plaintiff's FOIA request.

7) Due to defendant's failure to comply with FOIA's deadlines, plaintiff has filed this lawsuit to compel it to comply with the law.

8) This lawsuit is filed in accordance with 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9) Plaintiff Robert David Johnson, who goes by the name KC Johnson, is a history professor and author of a variety of books, who has frequently written about topics related to federal education policy, civil rights, and civil liberties.

10) United States Department of Education is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 400 Maryland Ave., SW, Washington, D.C. 20202. Defendant has possession, custody, and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

11) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), both because the records are located in Washington, D.C., and because defendant is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

13) On October 27, 2021, plaintiff submitted a FOIA request to defendant that requested as follows:

> I request all emails between Catherine Lhamon and:
> --Alexandra Brodsky
> --Dana Bolger
> --Brett Sokolow
> --Kirsten Gillibrand
> --Claire McCaskill
> --Jackie Speier
> --Brooke Jamison
> --Sabrina Rubin Erdely
> --Anna Laitin
> --Know Your IX
> --Laura Dunn
> --Michele Dauber
> --Wendy Murphy
> --Michelle Anderson
> --John Clune (Date Range for Record Search: From 06/01/2013 To 11/17/2016).

14) Catherine Lhamon was head of defendant's Office for Civil Rights from 2013 to 2017, and is also head of its Office for Civil Rights today.

15) Defendant acknowledged receipt of plaintiff's FOIA request and assigned it tracking number 22-00558-F.

16) Defendant's determination in response to plaintiff's FOIA request was due 20 working days after it received plaintiff's request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

17) So defendant's deadline for issuing its determination was November 26, 2021.

18) Instead of issuing that determination, on November 26, 2021, Defendant sent plaintiff a letter stating that, *inter alia*, "Due to the unusual circumstances that exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day statutory requirement" with respect to "your request dated, October 27, 2021."

19) Pursuant to 5 U.S.C. § 552(a)(6)(B), an agency can extend that deadline to a specified date, generally by no "more than ten working days," by issuing a notice "setting forth the

unusual circumstances for such extension and the date on which a determination is expected to be dispatched."

20) Defendant's November 26, 2021 letter did not specify "the date on which a determination is expected to be dispatched" and thus did not extend the date for issuing a determination in response to plaintiff's FOIA request.

21) Even if it purported to extend the date for issuing a determination, it did not validly extend the date.

22) Defendant's November 26, 2021 letter stated that "The scope of your FOIA requests requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records."

23) But in fact, all, or virtually all, of the records responsive to plaintiff's FOIA request could be found simply by searching the email account of Catherine Lhamon.

24) All of the responsive records are emails sent by, or to, Catherine Lhamon.

25) Catherine Lhamon worked in a single program office in the Department – its Office for Civil Rights, which she headed.

26) Thus, responsive records can easily be obtained by searching in a single program office.

27) Accordingly, "unusual circumstances" did not exist to extend the deadline for responding to plaintiff's FOIA request, under 5 U.S.C. § 552 (a)(6)(B).

28) Even if "unusual circumstances" had existed for an extension, it would not justify the delay in issuing a determination in response to plaintiff's request that has occurred.

29) It has been many times longer than the additional "ten working days" that presumptively govern an extension under 5 U.S.C. § 552 (a)(6)(B)(i).

30) Plaintiff's FOIA request covers a smaller amount of responsive records than other FOIA requests that have received determinations in far less than five months.

31) The responsive records are less voluminous than those sought by other FOIA requests that defendant responded to by producing records in fewer than five months.

32) The responsive records are less voluminous than those sought by other FOIA requests that defendant responded to, and produced records in response to, without citing or alleging "unusual circumstances."

33) Moreover, defendant did not notify plaintiff of any "opportunity to limit the scope of" his FOIA "request so that it may be processed within" the normal "time limit," as is required for an extension that exceeds ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(ii).

34) Nor did defendant's November 26, 2021 letter notify the plaintiff of any opportunity to "arrange for an alternative time frame for completion of the agency's processing." *See id*.

35) Defendant did not indicate how many documents it would ultimately produce or withhold in response to plaintiff's FOIA request.

36) To qualify as a "determination" for purposes of 5 U.S.C. § 552(a)(6)(A)(I)(i), an agency's response must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

37) Due to defendant's failure to comply with the statutory deadline for issuing a determination, plaintiff exhausted all administrative remedies and can now sue.[1]

---

[1] *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2016) ("if an agency does not adhere to certain statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement")

38) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

### Defendant Has Waived the Right to Charge Fees

39) Since defendant did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request.

40) In *Bensman v. National Park Service*, 806 F.Supp.2d 31 (D.D.C. 2011), this Court noted that "the 2007 [FOIA] Amendments … impose consequences on agencies that …. fail to comport with FOIA's requirements….To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with any time limit' of FOIA."

41) Plaintiff is also entitled to a waiver of fees because he properly requested a fee waiver.

42) As plaintiff explained in his request for a fee waiver accompanying his FOIA request, the requested records involve

> correspondence between Lhamon and key figures outside the executive branch—activists, legislators, staffers, and one ex-journalist—who advocated for complainant rights during this period. Correspondence with Lhamon might reveal how she framed her intentions with a sympathetic audience. In this respect
> 1. The subject matter of the requested records themselves specifically concern identifiable "operations or activities of the government"—in this case, the Obama administration's approach to what Title IX required of colleges and universities as they adjudicated student-on-student sexual assault allegations.
> 2. The disclosable portions of the requested information would be meaningfully informative in relation to the subject matter of the request given how rarely Lhamon spoke with specificity regarding the justifications for her policies.
> 3. I have co-written a book (with Stuart Taylor, Jr.) and a law review article (with

    Samantha Harris) on Title IX and campus sexual assault. I have also written op-eds on the topic in, among other places, the *Washington Post, Wall Street Journal,* and *USA Today.* This material will appear in a law review article I am currently writing and, in all likelihood, in op-eds on Lhamon's activities.

    4. Given how rarely Lhamon spoke with specificity about the justifications for her policy discussions, the disclosure would "contribute significantly" to public understanding of how the Obama administration handled Title IX matters.

43) Defendant has failed to issue a determination on Plaintiff's fee-waiver request at all, much less within the statutory deadline mandated by FOIA.

44) The records sought in plaintiff's FOIA request, which relate to federal civil-rights policy and the handling of allegations of campus sexual assault, are of great public interest, and producing them would be of public benefit.

45) The requested records are urgently needed by an individual engaged in disseminating information in order to inform the public about Federal Government activity.

## FIRST CLAIM FOR RELIEF
## Duty to Produce Records – Declaratory Judgment

46) Plaintiff re-alleges paragraphs 1-45 as if fully set out herein.

47) Defendant is improperly withholding agency records.

48) Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to the records described in his FOIA request, and any attachments thereto;

    b.    Defendant's processing of plaintiff's FOIA request is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

    c.    Defendant has a duty to produce the records responsive to plaintiff's FOIA request;

    d.    Defendant has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

49) Plaintiff re-alleges paragraphs 1-48 as if fully set out herein.

50) Plaintiff is entitled to injunctive relief compelling defendant to produce the records described in plaintiff's FOIA request, without charging any fees.

51) Plaintiff asks the Court to issue an injunction ordering defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

52) Plaintiff re-alleges paragraphs 1-51 as if fully set out herein.

53) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

54) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for his attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 28th day of March, 2022,

    /s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1100 Conn. Ave., NW, #625
Washington, DC 20036
(703) 399-6738

*Attorney for Plaintiff*