UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DAVID JOHNSON,      ) | |
| )  | |
| *Plaintiff*,      ) | |
| )  | |
| v.      ) | Civil Action No. 22-831 (DLF) |
| )  | |
| U.S. DEPARTMENT OF EDUCATION,      ) | |
| )  | |
| *Defendant*.      ) | |
| )  | |
| )  | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant U.S. Department of Education ("Department"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Robert David Johnson ("Plaintiff").

## FIRST DEFENSE

Plaintiff is not entitled to compel production of responsive records protected from disclosure by one or more exemptions of the Freedom of Information Act ("FOIA").

## RESPONSES TO THE NUMBERED PARAGRAPHS[1]

1.      This paragraph consists of Plaintiff's characterization of this FOIA action, and otherwise contains a conclusion of law, to which no response is required.

2.      Defendant admits that Plaintiff submitted a FOIA request dated October 27, 2021, to the Department, and refers the Court to that request for a complete and accurate statement of its

---

[1] For ease of reference, Defendant's Answer restates certain headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

contents. The remaining allegations in this paragraph consist of Plaintiff's characterization of this action to which no response is required.

     3.     This paragraph consists of conclusions of law to which no response is required.

     4.     Admitted that, as of the date of the filing of Plaintiff's Complaint, the Department had not provided a final determination with respect to Plaintiff's FOIA request (FOIA Request No. 22-00558-F) or produced documents in response to that request. The remainder of this paragraph consists of conclusions of law to which no response is required.

     5.     This paragraph consists of conclusions of law to which no response is required.

     6.     Defendant admits that the Complaint in this action was filed on a date that is approximately five months after October 27, 2021.

     7.     This paragraph purports to state Plaintiff's reasons for filing this action, and the Department lacks knowledge or information sufficient to form a belief as to the truth of that allegation.  To the extent this paragraph asserts a conclusion of law, no response is required.

     8.     This paragraph consists of conclusions of law to which no response is required.

## **PARTIES**

     9.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

     10.     Defendant admits that it is a federal agency subject to FOIA and that it is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202.  The remainder of the allegations in this paragraph consist of conclusions of law to which no response is required.

## JURISDICTION AND VENUE

11.     This paragraph consists of conclusions of law regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants admit only that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

12.     This paragraph consists of conclusions of law regarding venue to which no response is required. To the extent a response is deemed necessary, Defendant admits that venue is proper in this judicial district under FOIA.

## FACTUAL AND STATUORY BACKGROUND

13.     Admitted, with the clarification that the reference to the applicable date range did not appear in the FOIA request next to the name of John Clune as reflected in this paragraph but was stated in the request as being applicable to the request in its entirety. Defendant refers the Court to the request for a complete and accurate statement of its contents.

14.     Defendant admits that Catherine Lhamon served as the Assistant Secretary for the Department's Office of Civil Rights from 2013 to 2017. Defendant also admits that Catherine Lhamon is the Assistant Secretary for the Department's Office of Civil Rights at the time of this filing. Defendant otherwise denies the allegations in this paragraph.

15.     Admitted.

16.     This paragraph consists of conclusions of law to which no response is required.

17.     This paragraph consists of conclusions of law to which no response is required.

18.     Defendant admits that it sent a letter entitled "RE: 20-DAY NOTIFICATION 22-00558-F" on November 26, 2021 and refers the Court to that letter for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent they are

inconsistent with the contents of that letter.  The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

19.     This paragraph consists of conclusions of law to which no response is required.

20.     Defendant admits that the Department's November 26, 2021, letter did not provide a date in which a determination would be made. The remainder of this paragraph consists of conclusions of law to which no response is required.

21.     This paragraph consists of conclusions of law to which no response is required.

22.     In response to the allegations in this paragraph, Defendant refers the Court to the November 26, 2021, letter for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent inconsistent with the contents of that letter.

23.     In response to the allegations in this paragraph, Defendant admits that Catherine Lhamon is identified as the primary custodian of Plaintiff's FOIA Request No. 22-00558-F. The remainder of this paragraph consists of Plaintiff's opinions regarding what a search for responsive records might entail, not allegations of fact to which any response would be required.

24.     Defendant admits that Plaintiff's FOIA Request No. 22-00558-F seeks emails sent from or to Catherine Lhamon.

25.     Defendant admits that during the period identified in Plaintiff's FOIA Request No. 22-00558-F, Catherine Lhamon was the Assistant Secretary for the Department's Office of Civil Rights.

26.     This paragraph consists of Plaintiff's opinion as to what a search for responsive records might entail (including Plaintiff's views as to the alleged ease of any such search), not allegations of fact to which a response is required.  To the extent any response is required, Defendant denies the implication in this paragraph that a search in response to a FOIA request as

extensive as the request at issue, and the processing of potentially responsive records resulting from such a broad request, would be easy and not time consuming.

27.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

28.     This paragraph consists of conclusions of law to which no response is required. To the extent the allegations in this paragraph imply a violation of FOIA by the Department, Defendant denies any such allegation.

29.     This paragraph consists of conclusions of law to which no response is required.

30.     This paragraph does not identify the requests to which it is purporting to make a comparison and Defendant has not yet completed its search for responsive records.  Accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

31.     This paragraph does not identify the requests to which it is purporting to make a comparison and Defendant has not yet completed its search for responsive records.  Accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

32.     This paragraph does not identify the requests to which it is purporting to make a comparison and Defendant has not yet completed its search for responsive records.  Accordingly, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph

33.     In response to the allegations in this paragraph, Defendant refers the Court to its letter dated November 26, 2021, for a complete and accurate statement of its contents.  The

remainder of the allegations in this paragraph assert conclusions of law to which no response is required.

34.     In response to the allegations in this paragraph, Defendant refers the Court to its letter dated November 26, 2021, for a complete and accurate statement of its contents.   The remainder of the allegations in this paragraph assert conclusions of law to which no response is required.

35.     In response to the allegations in this paragraph, Defendant refers the Court to its letter dated November 26, 2021, for a complete and accurate statement of its contents.   The remainder of the allegations in this paragraph assert conclusions of law to which no response is required.

36.     This paragraph consists of conclusions of law to which no response is required.

37.     This paragraph consists of conclusions of law to which no response is required.

38.     This paragraph consists of conclusions of law to which no response is required.

39.     This paragraph consists of conclusions of law to which no response is required.

40.     This paragraph consists of conclusions of law to which no response is required.

41.     This paragraph consists of conclusions of law to which no response is required.

42.     Defendant admits only that this paragraph contains an excerpt from Plaintiff's fee waiver request included in FOIA request 22-00558-F.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.

43.     Defendant admits it has not issued a determination on Plaintiff's fee waiver request as of the date of the filing of the Complaint.  The remaining allegations in this paragraph assert conclusions of law to which no response is required.

44.     The allegations in this paragraph reflect speculation by Plaintiff as to what might be encompassed within the search results to a request that seeks email communications between certain individuals (not a request related to any specified subject matter), and thus do not constitute allegations of fact to which a response is required.   As Defendant has not yet completed the search for responsive records, and to the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief as to what type of information might be encompassed within the search results.   The request otherwise asserts a conclusion of law to which no response is required.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent that a response is deemed necessary, the Department denies that there is an urgent need for the records requested.

**FIRST CLAIM FOR RELIEF**

**Duty to Produce Records – Declaratory Judgment**

46.     Defendant incorporates its responses set forth above in paragraphs 1 through 45.

47.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the Department denies the allegations.

48.     This paragraph and the following subparagraphs consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## SECOND CLAIM FOR RELIEF

### Duty to Produce Records – Injunctive Relief

49.     Defendant incorporates its responses set forth above in paragraphs 1 through 48.

50.     This paragraph consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

51.     This paragraph consists of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

### Costs and Fees – Injunctive Relief

52.     Defendant incorporates its responses set forth above in paragraphs 1 through 51.

53.     This paragraph consists of conclusions of law to which no response is required.

54.     This paragraph and the remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

The remaining portions of the Complaint contain Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  ___/s/_____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
United States Attorney's Office
601 Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov